PEOPLE v. LYNN

Appeal from Genesee, John W. Baker, J. Submitted Division 2 March 25, 1969, at Lansing. (Docket No. 5,882.) Decided April 22, 1969. Rehearing denied May 27, 1969.

Robert Lynn was charged with unlawfully driving away an automobile, and was placed in a training institution in accordance with the Holmes Youthful Trainee Act. Defendant's status was subsequently terminated, and he pleaded guilty to the charge and was convicted. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

*Shaker Brackett,* for defendant on appeal.

BEFORE: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Defendant, after being arrested for unlawfully driving away an automobile (CL 1948, § 750.413 [Stat Ann 1954 Rev § 28.645]) at the age of 17, was placed in a training institution for purposes of rehabilitation in accordance with the Holmes Youthful Trainee Act, PA 1966, No 301

(MCLA § 762.11 *et seq.* [Stat Ann 1969 Cum Supp § 28.853(11), *et seq.*]). His status was terminated a few months later for good cause shown, and, with counsel present, he offered to plead guilty to the crime of unlawfully driving away an automobile.

On appeal defendant claims his pre-conviction commitment as a youthful trainee was a denial of due process. He does not allege any infirmity in either his conviction or sentence. The people have filed a motion to affirm.

A review of the record, the brief, and the motion to affirm brings this Court to the conclusion that defendant's commitment to the training program was voluntary and on his own motion, that he was not denied any of the rights guaranteed by the constitution, and that the issue raised is irrelevant to his valid conviction and sentence which we hereby affirm.

It is ordered that the motion to affirm be, and the same is hereby, granted.